### JUDD *v.* VOLLMER.

AUTOMOBILES—INSURANCE—RESTRICTED COVERAGE—FINANCIAL RE-
SPONSIBILITY ACT.

　Automobile insurance policy which provided that it afforded insurance for bodily injury liability complying with the financial responsibility law of any State during the period of the policy to the extent of the coverage and limits of liability required thereby, and which was issued to principal defendant while he was restricted in his driving his car to and from work, imposed liability upon the insurer for injuries negligently inflicted by insured upon plaintiff at a time other than while he was driving to or from work, where such limited coverage was not recognized by the financial responsibility law and restriction upon insured's right to drive had been removed prior to occurrence of accident (PA 1949, No 300, §§ 518, 520).

Appeal from Ottawa; Smith (Raymond L.), J. Submitted October 7, 1953. (Docket No. 30, Calendar No. 45,893.) Decided December 29, 1953.

Garnishment proceedings by Robert Judd against Russell Vollmer, principal defendant, and Cadillac Mutual Insurance Company, garnishee defendant. Judgment for plaintiff. Garnishee defendant appeals. Affirmed.

*R. Burr Cochran,* for plaintiff.

*Vandeveer, Haggerty, Garzia & Haggerty (Leroy G. Vandeveer,* of counsel), for garnishee defendant.

Boyles, J.   Plaintiff Judd obtained judgment against defendant Vollmer for $3,460 damages arising out of an automobile accident in which Vollmer's automobile was involved.  The judgment was not appealed.  Vollmer's car was insured in a policy issued by the Cadillac Mutual Insurance Company, which company denied liability and refused to pay the judgment.  Thereupon Judd caused a writ of garnishment to be issued against the insurer to collect.  The garnishment suit was heard by the trial court on an agreed statement of facts and from the ensuing judgment for the plaintiff the garnishee defendant appeals.

The only question involved here is whether, under the circumstances of the case, the insurance coverage was in effect on the date of the accident, in view of the provisions of the policy and the applicable financial responsibility requirements in the vehicle code.[*]

The policy in question was issued February 10, 1950, for 1 year.  Vollmer's license to operate a motor vehicle on the highways had been suspended

---

[*]PA 1949, No 300 (CLS 1952, § 257.1 *et seq.;* Stat Ann 1952 Rev § 9.1801 *et seq.*).

for a 3-year period because of his having been convicted 3 times for driving while drunk. However, on January 30, 1948, the circuit judge had entered an order altering and amending the order of suspension by the secretary of State, to provide as follows:

"That the order of the secretary of State of the State of Michigan, suspending the motor vehicle operator's license of Russell Vollmer be and the same is hereby altered and amended so as to permit the said Russell Vollmer to operate a motor vehicle in transporting himself to and from his place of employment and in the course of his employment, and that a limited motor vehicle operator's license for the purpose hereinbefore set forth be issued to the said Russell Vollmer."

Thereupon the secretary of State granted Vollmer a license to operate, limited to the above restriction. The 3-year period during which Vollmer's license to operate a motor vehicle was suspended expired October 6, 1950. On October 9th the secretary of State issued a license to Vollmer to operate without the restriction, and notified him as follows:

"Our records disclose that the statutory period for which you were placed under the provisions of the financial responsibility law has expired, therefore, the suspension order entered against you is hereby lifted.

"I am herewith enclosing your original operator's license No. AA 116137. Please destroy the financial responsibility limitation license now in your possession."

It should be noted that the policy issued to Vollmer by the garnishee defendant on February 10, 1950, was by its terms still in effect, to February 10, 1951. It still has never been cancelled.

On November 22, 1950, while Vollmer was driving his car at a time other than to and from work in the course of his employment, he was involved in an

automobile accident resulting in personal injuries and property damage to the plaintiff, and as a result the plaintiff obtained the judgment on which the instant garnishment suit is based.

The appellant insurer disclaimed liability because the accident occurred while Vollmer was driving his car at a time other than to and from work in the course of his employment, relying on a provision in the policy as follows:

"In consideration of the premium charged for this policy, it is understood and agreed that there shall be no coverage under this policy while the above named insured, Russell Vollmer, may be driving the automobile described in this policy at any time other than to and from work in the course of his employment."

However, the policy also provided that its coverage for such liability shall comply with the provisions of the State's motor vehicle financial responsibility law, and expressly states that

"Terms of this policy which are in conflict with the statutes of the State wherein this policy is issued are hereby amended to conform to such statutes."

The narrow question here involved would seem to be whether the attempt to limit the liability of the insurer to damages for accidents occurring solely while the insured was driving to and from work in the course of his employment conflicts with the financial responsibility provisions of the vehicle code. If so, it would also seem to follow that the purported limit of liability would be no defense in the instant case, as between the plaintiff and the insurer. However, while the appellant in its brief concedes that would be a proper conclusion, the appellant claims that it does not control. Appellant says the controlling question is otherwise:

"It is the plaintiff and appellee's contention, however, that * * * the violation by Russell Vollmer of the restricted use and therefore the restricted coverage afforded to him by virtue of the language of the special indorsement could not avail garnishee defendant in an action by the plaintiff as judgment creditor of the principal defendant. For the purpose of this case we will assume and concede that if the garnishee defendant at the time of the accident involving plaintiff, Robert Judd, was bound by this provision of the financial responsibility act (PA 1949, No 300, § 520) that it could not avail itself of the violation of the condition imposed upon the plaintiff and the restrictions set forth in the special indorsement. It is the position of the garnishee defendant and appellant that this statutory provision is not applicable because principal defendant, Russell Vollmer, was not under financial responsibility or the provisions of the financial responsibility act at the time of the accident that occurred on November 22, 1950, and appellant and garnishee defendant insurance company was likewise not subject to the provisions of the financial responsibility act whatsoever."

Under section 520(a) of said statute,[1] a motor vehicle liability policy covering a resident owner means a policy certified as provided in section 518 of the act.[2] Under said section 518, proof of financial responsibility may be furnished by filing with the secretary of State the written certificate of the insurance carrier, "certifying that there is in effect a motor vehicle liability policy for the benefit of the person required to furnish proof of financial responsibility."

Under the above provisions, the garnishee defendant filed with the secretary of State the applicable certificate, for the purpose of showing its liability, as

[1] CLS 1952, § 257.520(a), Stat Ann 1952 Rev § 9.2220(a).
[2] CLS 1952, § 257.518, Stat Ann 1952 Rev § 9.2218.

a matter of record. At the time of the accident the certificate was still a matter of record in the office of the secretary of State. The policy to which it referred was apparently still in effect. In fact, it has never yet been cancelled.

The provision in the policy limiting its liability to accidents while the insured was driving to and from work finds no recognition in the financial responsibility provisions of the vehicle code. On the contrary, the limitation conflicts with the provisions of section 520(b) of the act,* which expressly sets out what the policy of liability of the owner shall insure:

"Such owner's policy of liability insurance: * * *

"2. Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such motor vehicle or motor vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs, with respect to each such motor vehicle, as follows."

The provisions of the vehicle code, as well as appellant's policy, were still in effect. We are in accord with the conclusion stated by the trial court, as follows:

"It might be argued that the restoration of defendant insured's operator's license on October 9, 1950, would render the act inapplicable to defendant thereafter. The answer to this contention is found within the policy itself,—Condition 8, which provides: 'Such insurance as is afforded by this policy for bodily injury liability * * * shall comply with the provisions of the motor vehicle financial responsibility

---

* CLS 1952, § 257.520(b), Stat Ann 1952 Rev § 9.2220(b).

law of any State, * * * during the policy period, to the extent of the coverage and limits of liability required by such law,' * * * This provision definitely binds the policy to the financial responsibility act for the duration of the policy period, in this case until the expiration date of February 10, 1951, or until cancelled within the provisions of the act. Although it would seem that the policy could have provided that the terms of the act would cease to affect the liability under the policy as soon as the insured ceased to come within its provisions, it provided otherwise."

Affirmed.

DETHMERS, C. J., and ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, and REID, JJ., concurred.